**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry BLUMENTHAL, aka Laurent Blumenthal, Defendant–Appellant.**

No. 02–50579.

D.C. No. CR–02–00216–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 2003.

Decided Aug. 6, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

Larry Blumenthal was charged in a one-count indictment of possessing child pornography, in violation of 18 U.S.C. 2252A(a)(5)(B). The district court denied

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his motion to suppress evidence obtained from the execution of a search warrant at his residence. Blumenthal then pleaded guilty to the one-count indictment pursuant to a conditional plea agreement in which he preserved the right to appeal the district court's denial of his motion to suppress.

The search warrant at issue states that there is probable cause to believe that property in Blumenthal's home would show that "sexual exploitation of a child in violation of California Penal Code § 311.3 or depiction of sexual conduct of a person under 18 in violation of California Penal Code § 311.11 has occurred or is occurring." Blumenthal claims that nowhere in the affidavit attached to the warrant is there any statement that suggests that he was sexually attracted to children or would possess child pornography.

This argument underrepresents the relevant attested facts. The affidavit recites the following statements made by a 14 year old guest in Blumenthal's home: he used the bathroom five times and each time he went to the bathroom, Blumenthal went to his computer in a room adjacent to the upstairs bathroom; defendant told the boy to use the squeegee to clean the interior of the glass shower after taking a shower and when he told defendant he had done so, Blumenthal replied, "yes, I know you did;" he saw an image of the upstairs bathroom on Blumenthal's computer screen; he took photos of a motion detector in defendant's bathroom; and his 21–year–old cousin had told him not to spend the night at Blumenthal's house. The affidavit also states that the youth's cousin claims that eight years earlier he saw a live image of his friend getting out of the

shower on a T.V. set in defendant's bedroom.

These attested facts, taken together, provide fair probability that evidence of a violation of California Penal Code § 311.3 or § 311.11 would be found in Blumenthal's home. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As the district court did not clearly err in its findings of fact and conclusions of law, both the denial of defendant's motion to suppress and the judgment of conviction are AFFIRMED.